**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1500
_____

UNITED STATES OF AMERICA

v.

NORBERTO CASTILLO-LOPEZ,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:20-cr-00266-002)
District Judge: Honorable J. Nicholas Ranjan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 6, 2025

Before: HARDIMAN, BIBAS, and FISHER, *Circuit Judges*.

(Filed: June 9, 2025)
_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

Norberto Castillo-Lopez appeals his judgment of sentence after a jury found him

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

guilty of conspiring to distribute and possess with intent to distribute cocaine. We will affirm.

I

Castillo-Lopez supplied cocaine to a co-conspirator in Ohio who redistributed it in Pennsylvania. So he was indicted in the Western District of Pennsylvania for conspiring to distribute and possess with the intent to distribute five kilograms or more of cocaine. He was charged and later indicted for another drug-related offense in the Southern District of Ohio. And following his arrest, Castillo-Lopez was indicted yet again in the Middle District of Pennsylvania for illegally reentering the United States.

After the parties reached a plea agreement providing for the global resolution of these charges, the District Court scheduled a change-of-plea hearing. But before the hearing, Castillo-Lopez changed his mind and wanted to go to trial.

At a status conference, the prosecutor described the plea agreement. The District Court remarked that Castillo-Lopez's sentencing "exposure" across the three cases was "significant" and said that the plea agreement "seems like a good deal." App. 57–58. During another status conference, the Court again said that the plea agreement was "pretty favorable" after discussing Castillo-Lopez's possible sentencing exposure. App. 70.

Castillo-Lopez proceeded to trial, and the jury found him guilty of the cocaine-related offense. His Guidelines sentencing range was 151 to 188 months' imprisonment. At sentencing, the Court acknowledged the particular circumstances that influenced Castillo-Lopez's decision to go to trial. The Court explained that a downward variance,

2

"the equivalent of essentially a three point downward adjustment," was appropriate to reflect what Castillo-Lopez "would have received for acceptance of responsibility." App. 130. The Court imposed a 135-month sentence, and Castillo-Lopez appealed.

## II[1]

Castillo-Lopez argues that the District Court plainly erred by participating in plea discussions, thereby violating Rule 11(c)(1) of the Federal Rules of Criminal Procedure. We need not decide whether the Court violated Rule 11(c)(1) because Castillo-Lopez has not shown that his substantial rights were affected. *See United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004).

Castillo-Lopez does not argue that he was prejudiced during his trial. Instead, he claims that the District Court's comments "create[d] the appearance of a premature commitment to a sentence of at least a certain level of severity." Castillo-Lopez Br. 38 (alteration in original) (quoting *United States v. Crowell*, 60 F.3d 199, 205 (5th Cir. 1995)). The record shows otherwise.

The Court's explanation for its downward variance showed leniency, not vindictiveness. And the fact that Castillo-Lopez was sentenced well below his Guidelines sentencing range renders prejudice implausible. So Castillo-Lopez has not shown that "the probability of a different result is sufficient to undermine confidence in the outcome" of his sentencing. *Dominguez Benitez*, 542 U.S. at 83 (cleaned up).

We will therefore affirm the District Court's judgment.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).